United States District Court
Southern District of Texas
**ENTERED**
May 04, 2026
Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| ANDREW J MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00097 |
| | § | |
| THE LCF GROUP, INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND RECOMMENDATION

This case has been referred to me for all pretrial purposes. *See* Dkt. 9. I am sua sponte issuing this memorandum and recommendation to suggest that the court order the conditional dismissal of this lawsuit without prejudice unless Plaintiff Andrew Mitchell appears through licensed counsel within 30 days from the date this memorandum and recommendation is adopted.

On March 15, 2026, Mitchell, an incarcerated person proceeding pro se, instituted this lawsuit against Defendant The LCF Group, Inc. Mitchell was a licensed public adjuster. Mitchell provided his public adjusting services through Mitchell Adjusting International LLC ("MAI"), a Texas limited liability company. At all times, Mitchell has been the sole member of MAI. Mitchell claims that Defendant "caused [his] accounts to be frozen" and "exploited the account freeze to coerce [him] into signing a settlement release agreement under economic duress, demanding a waiver of all claims in exchange for restoring access to accounts that LCF should never have frozen in the first place." Dkt. 1 at 1. Mitchell asserts claims for breach of contract, civil RICO, extortion/economic duress, fraud and fraudulent inducement, conversion, unjust enrichment, and declaratory and injunctive relief. Mitchell purports to bring this lawsuit as "the owner and operator" of MAI. *Id*. at 2. Mitchell cannot do this.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The right to conduct one's own cases personally is limited to one's own interests. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). This rule applies to all "[a]rtificial business entities—such as limited liability companies, corporations, and partnerships." *Alt. Materials, LLC v. TCH Constr. Grp., Inc.*, 339 F.R.D. 322, 324 (N.D. Fla. 2021).

Mitchell does not attach the Purchase and Sale of Future Receivables Agreement at issue to his complaint. Mitches alleges, however, that the agreement required LCF to "purchase $770,000.00 in future receivables from *Mitchell Adjusting International* in exchange for a stated purchase price of $550,000.00." Dkt. 1 at 3 (emphasis added). To the extent that Mitchell has a personal claim against Defendant, Mitchell may prosecute that claim himself. But to the extent that Mitchell seeks to prosecute a claim belonging to MAI, such a claim may be prosecuted only through a licensed attorney. *See, e.g.*, *Robinson v. Ashland Inc.*, No. 1:24-cv-97, 2024 WL 5158429, at *8 (E.D. Tex. Dec. 18, 2024) (collecting cases and holding that "Plaintiffs, even as sole owners of their LLC, lack standing to assert claims individually where the cause of action belongs to the company.").

MAI is free to assign its claims to Mitchell, but such assignment still does not authorize Mitchell to appear on MAI's behalf. "Courts faced with this question routinely hold that an individual who has been assigned claims from a corporation cannot proceed pro se." *Stark v. Kohrs*, No. 1:19-cv-041, 2020 WL 734480, at *3 & n.1 (collecting cases). As the Court of Appeals for the District of Columbia explained more than 90 years ago:

> We think the words 'the parties,' as used in [28 U.S.C. § 1654], mean the parties in interest—the real, beneficial owners of the claims asserted in the suit[], and by implication that it excludes agents and

attorneys in fact and confines the representation, where the party whose rights are actually involved does not appear in person, to attorneys and counselors at law. ***It cannot be doubted, we think, that an assignment of a claim against another, made solely for the purpose of permitting the assignee—not an attorney—to conduct the litigation in proper person, would be colorable only and, therefore, insufficient to accomplish the purpose***; and this, for the reason that such an assignment would transfer only the naked legal title or, perhaps more accurately, no more than an agency— a power without an interest;— and in such case there would be lacking that element of personal interest which alone permits the management of an action at law in a court by some one other than an attorney at law.

   . . . .

   Petitioner is not an attorney at law, nor is he the real party in interest, and hence had no standing to commence or to prosecute the action.

*Heiskell v. Mozie*, 82 F.2d 861, 863 (D.C. Cir. 1936) (emphasis added).[1] It appears that Mitchell's "sole reason for pursuing the assignment . . . was so that [MAI] could protect its [contractual] rights in federal court without retaining counsel." *M2 Tech., Inc. v. M2 Software, Inc.*, 589 F. App'x. 671, 675 n.2 (5th Cir. 2014). This is not allowed.

   "A district court may dismiss a claim on its own motion as long as the procedure employed is fair." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (cleaned up). Fairness "requires both notice of the court's intention and an opportunity to respond." *Id.* (quotation omitted). Here, Mitchell has both the opportunity to object to this memorandum and recommendation and, in the

---

[1] *See also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1386 (11th Cir. 1985) ("We see no reason to permit any evasion of the general rule [of corporate representation by counsel] by the simple expedient of the assignment of corporate claims to the *pro se* plaintiff. Nor is any injustice done to plaintiff by this holding."); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983) ("In light of the[] policy reasons for preventing a lay person from representing a corporation in litigation, the federal courts have, in cases governed by federal law, disapproved any circumvention of the rule by the procedural device of an assignment of the corporation's claims to the lay individual.").

3

event it is adopted, 30 days to appear through counsel before this action is dismissed without prejudice. That is fair.

## CONCLUSION

For the reasons discussed above, I recommend that the court order the conditional dismissal of this lawsuit without prejudice unless Mitchell appears through licensed counsel within 30 days from the date this memorandum and recommendation is adopted.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this  4th  day of May 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE